PS 8 Revised 07
MD/TN Revised 06/13

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. __Marcy Jo Pickler__     Docket No. __0650 3:13CR00097 - 15__

### Petition for Action on Conditions of Pretrial Release

COMES NOW __Dariel S Blackledge-White__, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant __Marcy Jo Pickler__ who was placed under pretrial release supervision by the __Honorable E. Clifton Knowles, U.S. Magistrate Judge__ sitting in the Court at __Nashville, Tennessee__, on __June 03, 2013__, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Dariel S Blackledge-White | Nashville, TN | August 6, 2013 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

**Next Scheduled Court Event**

| Event | Date |
|---|---|

## PETITIONING THE COURT

☒ No Action   ☐ To issue an order setting a hearing on the petition
☐ To Issue a Warrant   ☐ Other

---

THE COURT ORDERS:
☒ No Action
☐ The Issuance of a Warrant.
   ☐ Sealed Pending Warrant Execution
       (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☐ A Hearing on the Petition is set for

_____  _____
Date              Time

Considered and ordered this __7th__ day of __August__, __2013__, and ordered filed and made a part of the records in the above case.

_____
Honorable E. Clifton Knowles
U.S. Magistrate Judge

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Petition for Action on
PICKLER, MARCY JO
Case No. 3:13-CR-00097-15
August 6, 2013

On June 3, 2013, defendant Marcy Jo Pickler appeared before Your Honor for an Initial Appearance as a result of being charged with violating Title 21 U.S.C. § 846, Conspiracy to Possess With Intent to Distribute and to Distribute Oxycodone, Hydromorphone, and Oxymorphone, Schedule II Controlled Substances; and Buprenorphine, a Schedule III Controlled Substance. The Government did not file a Motion for Detention, and the defendant was released on a personal recognizance bond with pretrial supervision.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: Shall immediately advise the Court, defense counsel, and the U.S. attorney in writing before any change in address and telephone number.**

On July 11, 2013, the defendant was granted permission to immediately relocate to her grandmother's home, across the street from her residence, due to safety concerns.

**Violation No. 2: Shall not commit any offense in violation of federal, state or local law while on release in this case.**

On the evening of July 30, 2013, at 10:55 a.m., the defendant unknowingly dialed the main number to the U.S. Probation and Pretrial Services Office in Nashville, Tennessee. As she failed to dial an extension, her call was recorded in the receptionist's voicemail for the agency. During the six-minute message, the defendant and her paramour (Jimmy LNU) engaged in a heated discussion regarding Jimmy's sale of two of the defendant's prescription pills to another party for $40 immediately preceding the phone call. Ms. Pickler was upset because she only had one and $^3/_4$ of a pill left. She indicated this would be problematic if her probation officer counted the pills in her prescription bottle during her scheduled urine screen on the next day.

**Violation No. 2: Refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner; defendant shall notify Pretrial Services of any medication prescribed by a physician:**

On June 7, 2013, the defendant reported to Pretrial Services for her initial intake. At that time, she admitted she had smoked marijuana. She submitted a urine screen that Alere Laboratories, located in Gretna, Louisiana, confirmed was positive for the presence of marijuana. On June 10, 2013, the defendant submitted a urine screen that was confirmed positive for Oxazepam and marijuana.

2

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Petition for Action on
PICKLER, MARCY JO
Case No. 3:13-CR-00097-15
August 6, 2013

Additionally, on June 27, 2013, Ms. Pickler submitted a urine screen which was positive for marijuana.

**Current Status of Case:**

As of this date, no trial date has been set in this matter.

**Probation Officer Action:**

This officer has continued to encourage the defendant to remain drug free, and on June 7, 2013, the defendant was placed in Phase 6 of the U.S. Probation Office's Code-a- Phone program, a program whereby defendants call daily to ascertain whether they need to report to the U.S. Probation and Pretrial Services Office to submit a urine screen. On the same day, the defendant provided a prescription for buprenorphine to this officer.

On July 11, 2013, this officer conducted a home visit at the residential address the defendant provided to the Court. This home, which Ms. Pickler informed her mother owns, is in deplorable condition. The kitchen floor is falling in at several places, and the home is in a "hoarders" state. This officer granted the defendant's request to relocate to her grandmother's home (located across the street from her mother's residence) where her children stay.

Ms. Pickler was advised that due to safety and health concerns, her children cannot stay at her mother's residence for any reason. This officer emphasized that any noncompliance with this directive would be immediately reported to the necessary authorities. Defendant Pickler acknowledged the home was not safe, and she indicated she remains at the residence in an effort to help her mother clean up the home. It is noted the defendant's living area is as disheveled as the rest of the home, and several rooms were inaccessible due to items piled in them.

Due to the state of the home, the defendant was granted immediate permission to move across the street to her grandmother's residence. Ms. Pickler was informed that she is required to stay at the address that she provided to this officer. Also, she was instructed to contact her attorney and request that he notify the Court of her change in address.

On July 18, 2013, the defendant was referred to Cumberland Mental Health, located in Lebanon, Tennessee, for a substance abuse assessment. Ms. Pickler was informed that she would be required to participate in any recommended drug treatment.

On July 30, 2013, this officer emailed defense counsel and requested that he file a Motion advising the Court of Ms. Pickler's new address.

Subsequent to the recorded phone call on July 30, 2013, the defendant was instructed to report to the

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Petition for Action on
PICKLER, MARCY JO
Case No. 3:13-CR-00097-15
August 6, 2013

U.S. Probation and Pretrial Services Office for both a urine screen and an interview with this officer's supervisor. During the meeting with Supervisory U.S. Probation Officer (SUSPO) W. Burton Putman, the defendant was forthcoming regarding her opiate addiction. She admitted that she had been staying at her mother's home at night with her paramour because her grandmother did not allow him at her residence. Ms. Pickler informed SUSPO Putman that this officer was aware of her living arrangements and had granted her permission to split her time between the residences. Based on this false statement made in this officer's absence, I requested that Ms. Pickler again report to the U.S. Probation and Pretrial Services Office on August 1, 2013. Further, this officer requested that the defendant obtain a prescription list from her pharmacy for this officer's review.

On August 1, 2013, this officer and SUSPO Putman met with Ms. Pickler. She was verbally reprimanded for inaccurately stating that this officer gave her permission to stay at her mother's home. Ms. Pickler was reminded that she is required to stay at her grandmother's home until she is granted permission to live elsewhere.

The defendant was referred to Pathfinders, a residential substance abuse treatment program located in Castalian Springs, Tennessee, and she was instructed to contact them for information regarding their inpatient programs. Additionally, Ms. Pickler has been referred to Cumberland Mental Health, located in Lebanon, Tennessee, for a substance abuse assessment in the event she is unable to secure treatment at Pathfinders. She was informed that she would be required to participate in any recommended drug treatment.

Additionally, this officer reviewed the defendant's prescription records, which were recorded from July 15, through July 31, 2013. It is noted the defendant received 30 buprenorphine tablets between July 30, and July 31, 2013. Of note, although Ms. Pickler has reported receipt of buprenorphine since June 2013, she submitted urine screens on July 15, and July 31, 2013, which were negative for all substances.

**Respectfully Petitioning the Court as Follows**:

Although Ms. Pickler has ceased use of illegal narcotics, she was again involved with the distribution of narcotics, which is the basis for the instant federal offense. Although the nature of the defendant's activities constitute a risk to public safety, she has been forthcoming with the supervising officer. Therefore, Pretrial Services respectfully recommends that no action be taken at this time to allow the defendant an opportunity to participate in substance abuse treatment.

Honorable E. Clifton Knowles
U.S. Magistrate Judge
Petition for Action on
PICKLER, MARCY JO
Case No. 3:13-CR-00097-15
August 6, 2013

Assistant U.S. Attorney Brent Hannafan has been advised of the above violations.

Approved:

/s/ William Burton Putman
William Burton Putman
Supervisory U.S. Probation Officer


xc: Brent Hannafan, Assistant U.S. Attorney
David Komisar, Defense Counsel

# UNITED STATES DISTRICT COURT

_____MIDDLE_____  District of  _____TENNESSEE_____

United States of America

V.

_____MARCY JO PICKLER_____
          Defendant

**ORDER SETTING CONDITIONS OF RELEASE**

Case Number: 3:13-00097-15

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified) _____
                                                                   Place

_____ on _____
                                                           Date and Time

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) The defendant promises to appear at all proceedings as required and to surrender

(   ) The defendant executes an unsecured bond binding the defendant to pay
      _____ dollar _____ )
in the event of a failure to appear as required or to surrender as directed for

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.
IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
   (Name of person or organization) _____
   (Address) _____
   (City and state) _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____
Custodian or Proxy            Date

(X) (7) The defendant shall:
- (X) (a) report to the U.S. Pretrial Services as directed, telephone number (615) 736-5771, not later than _____
- ( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
- ( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described
- ( ) (d) execute a bail bond with solvent sureties in the amount of $ _____
- (X) (e) maintain or actively seek employment. **or attend school as directed**
- ( ) (f) maintain or commence an education program.
- (X) (g) surrender any passport to: **Pretrial Services**
- (X) (h) obtain no passport.
- (X) (i) abide by the following restrictions on ~~personal association, place of abode, or~~ travel: **Restricted to Middle District of TN unless pre-approved for out of district travel by Pretrial Services**
- (X) (j) avoid all contact, directly or indirectly, with any persons who are or who may become ~~a victim or~~ potential witness in the subject investigation or prosecution, ~~including but not limited to~~: **and co-defendants without prior approval of Pretrial Services**
- ( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____
- ( ) (l) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):
- ( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
- ( ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- ( ) (o) refrain from ( ) any ( ) excessive use of alcohol.
- (X) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- (X) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
- (X) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
- (X) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
- ( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
   - ( ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
   - ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
   - ( ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
- (X) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop. **and within 48 hrs.**
- (X) (v) Shall permit Pretrial Services Officer to visit you at home or elsewhere at any time, and allow Pretrial Services Officer to confiscate any contraband in plain view.
- ( ) (w) _____
- ( ) (x) _____

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICES   U.S. ATTORNEY   U.S. MARSHAL

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

 A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

 The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

 Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

 If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

 A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

 I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

## Directions to United States Marshal

( x ) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date:   June 3, 2013     _____
                     Signature of Judicial Officer

                    E. CLIFTON KNOWLES, U.S. MAGISTRATE JUDGE
                    Name and Title of Judicial Officer

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL